# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3123

_____

United States of America,     *
      *
     Movant - Appellee,     *
      *    Appeal from the United States
     v.       *    District Court for the
      *    Eastern District of Missouri.
Whispering Oaks Residential Care     *
Facility, LLC; Whispering Oaks RCF     *      [PUBLISHED]
Management Co., Inc.,     *
      *
     Respondents - Appellants.     *
      *

_____

Submitted: December 12, 2011
Filed: March 12, 2012

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In May 2011, the United States Attorney's Office for the Eastern District of Missouri issued two subpoenas duces tecum to Whispering Oaks Residential Care Facility, LLC and Whispering Oaks RCF Management Company as part of a health care fraud investigation. The two companies, a health care facility and a related management company, are both represented by Naren Chaganti. The subpoenas were

issued with identical document requests to each company, and they were served on Chaganti on May 25, 2011.[1]

After receiving the subpoenas, Chaganti obtained multiple extensions of time from the Government, but ultimately refused to produce the requested documents. The Government filed a motion to compel production, and Whispering Oaks filed motions to quash the subpoenas and to recuse or transfer. The district court[2] set a hearing for the motion on July 20. The day before the hearing, the court continued the proceedings at the request of Chaganti, who claimed to be out of the country for a family emergency. When the court ordered Whispering Oaks to show cause why the hearing should not be set for August 12, Chaganti again requested an even longer continuance, but failed to provide any details about the nature of his emergency, his need to be out of the country for an extended period of time, or any firm time line for his return. The court finally set a hearing date for September 2, and advised Whispering Oaks that no further extension would be granted. The court also noted that it would consider written filings if counsel did not appear at the hearing.

Chaganti again tried to postpone the hearing the day before it was scheduled to occur by submitting a motion to the court via email, despite a prior warning from the court that no motions would be accepted through email. Because the court found that Whispering Oaks was engaged in an unwarranted pattern of delay and noncompliance, the hearing proceeded as scheduled on September 2. No representative of Whispering Oaks appeared. At the hearing the district court found that the Government had demonstrated its entitlement to production of the subpoenaed documents, though the

_____

[1]A third subpoena was also issued to Dr. Surenda Chaganti, who is Naren Chaganti's brother and was believed to have provided health care services at Whispering Oaks. This third subpoena was not included in the Government's motion to compel production.

[2]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

court found the scope of the requests to be overly broad because the requested documents were not limited to a specific time period. The Government agreed to modify these requests and limited its request to documents dated from January 1, 2007 to the present. On September 7, 2011, the district court entered an order granting the Government's motion to compel and denying Whispering Oaks' motions to quash and to recuse or transfer.

Whispering Oaks appeals the district court's rulings, arguing that the enforcement of these subpoenas violates its Fourth Amendment right to be free from unreasonable searches.[3] We review a district court's decision to enforce an administrative subpoena for abuse of discretion. Fresenius Med. Care v. United States, 526 F.3d 372, 375 (8th Cir. 2008). An administrative subpoena, unlike a warrant, does not need to be supported by probable cause and is analyzed under the Fourth Amendment's general reasonableness standard. Doe v. United States, 253 F.3d 256, 264–65 (6th Cir. 2001); United States v. Bailey (In re Subpoena Duces Tecum), 228 F.3d 341, 347–50 (4th Cir. 2000). "The showing of reasonable cause required to support an application for enforcement of a subpoena duces tecum 'is satisfied . . . by the court's determination that the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry.'" Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir. 1982) (quoting Oklahoma Press Publ'g Co. v. Walling, 327 U.S. 186, 209 (1946)).

---

[3]Whispering Oaks also seeks a reversal of the district court's denial of its motion to recuse or transfer; however its argument on this matter is confined in its brief to only a footnote promising to unearth corruption in the St. Louis court system. Whispering Oaks offers no facts or legal authority in support of its broad accusation nor any argument that would call into question the impartiality of the district judge. We need not consider such a cursory argument. See Watson v. O'Neill, 365 F.3d 609, 615 (8th Cir. 2004) (declining to consider conclusory allegation that consisted of one sentence in appellant brief).

It is well established that a "subpoena is properly enforced if (1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable." Fresenius, 526 F.3d at 375. If an agency has satisfied these requirements for an administrative subpoena, the burden shifts to the respondent to show that judicial enforcement "would amount to an abuse of the court's process." EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 931 (8th Cir. 1985).

The subpoenas in this case were issued pursuant to lawful authority. 18 U.S.C. § 3486 grants the Attorney General or his designee the authority to issue administrative subpoenas in any investigation relating to a federal health care offense. 18 U.S.C. § 3486(a); see Fresenius, 526 F.3d at 375; Doe, 253 F.3d at 265; Bailey 228 F.3d at 350. Whispering Oaks does not argue that the subpoenas fail to comply with § 3486. Whispering Oaks does argue, however, that the Government has no authority to investigate fraudulent claims if Medicaid has not made any payment on those claims. This argument is based upon a misunderstanding of the law. It is illegal to knowingly submit a false health care claim, regardless of whether or not a payment has been made. See, e.g., 18 U.S.C. § 1035 (criminalizing knowingly making false statements involving a health care benefit program); 18 U.S.C. § 1347 (criminalizing the execution of or attempt to execute a federal health care fraud scheme). The existence or absence of any payment on Whispering Oaks' Medicaid claims has no bearing on the Government's legal authority to investigate those claims under § 3486.

The second requirement for the enforcement of a subpoena is that it be for a lawful purpose. The Government asserts that the subpoenas were issued for the lawful purpose of investigating Whispering Oaks' billing practices for possible health care fraud. The respondent bears a heavy burden to disprove the existence of a valid purpose for an administrative subpoena. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316 (1978). Whispering Oaks alleges that the subpoenas were instead issued as part of a conspiracy between state and federal agencies to harass Chaganti because of

unspecified political or racial animus.  There is no evidence in the record that supports this tenuous allegation.

Whispering Oaks contends that it could have provided evidence that the Government's investigation is motivated by this elaborate and impermissible purpose if the district court had compelled discovery of the sources of information that first prompted the Government's suspicion of illegal activity.  Whispering Oaks argues that the district court erred in not granting a hearing and requiring the Government to present evidence of a "reasonable suspicion" that the law had been violated.[4] Whispering Oaks cites no legal authority for requiring the Government to justify its administrative subpoenas by revealing the identity of any informants, the information those informants may have provided, or any other facts revealing the motives behind a lawful investigation.  The Government, with its subpoena power, "does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."  United States v. Morton Salt Co., 338 U.S. 632, 642–43 (1950); see also United States v. R. Enterpreses, Inc., 498 U.S. 292, 295 (1991) ("[T]he Government cannot be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to establish probable cause because the very purpose of requesting the information is to ascertain whether probable cause exists."); Peat, 775 F.2d at 930 (stating that the EEOC need only "show that its investigation is for a legitimate purpose authorized by Congress and that the documents subpoenaed are relevant to

---

[4]Whispering Oaks asserts that a hearing was necessary to assess the reasonableness of the subpoenas.  However, all of Whispering Oaks' arguments were considered at the September 2 hearing, as presented in its motion to quash and other filings.  Chaganti was unable to show cause why he or another representative for Whispering Oaks could not attend that hearing and present the arguments in person. Whispering Oaks makes no showing of how the district court might have abused its discretion in conducting the hearing as scheduled. Whispering Oaks' absence from that hearing was unjustified, and its argument that a separate hearing was necessary is without merit.

its inquiry," and that it need not show it had reason to believe the respondent had violated federal law).

The third requirement for an administrative subpoena to be enforced is that the information sought must be "reasonably relevant" to the agency's investigation. Morton Salt, 338 U.S. at 652. Courts have noted that "the language of § 3486 indicates that the question of an administrative subpoena's relevance is not a question of evidentiary relevance." Doe, 253 F.3d at 266; see also United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (stating that the statutory authority for the investigatory power of the IRS allows it "to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. . . . [T]he Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense."). The standard for determining the relevance of a subpoena's requests is not particularly burdensome, and indeed, a subpoena "should be enforced when the evidence sought by the subpoena is not plainly incompetent or irrelevant to any lawful purpose of the agency in the discharge of its duties." Doe, 253 F.3d at 266 (original alterations and quotation marks omitted).

The Government's subpoena requests seek documents relating to goods and services provided at Whispering Oaks, expenditures for those goods and services, personnel records and job descriptions, bank statements and tax returns for the care facility and management company as well as documents that describe the relationship between the two, and any communications either company had with state agencies about governing health care regulations. Whispering Oaks tries to diminish the relevance of the requested documents by portraying them as requests for grocery bills and plumbers' payments, or attempts to connect jewelry purchases to trash pickup. Whispering Oaks' characterization does not accurately reflect the requests, nor does it credibly question the relevance of requested documents to a criminal investigation. The district court did not err in finding the requests to be relevant to a criminal fraud investigation.

The last requirement for enforcement of an administrative subpoena is that the information sought must not be unreasonable. Whispering Oaks argues that some of the requests are overly broad, but its reasoning focuses mostly on conclusory statements about the relevance of the requests to a lawful investigation. As mentioned above, Whispering Oaks has not demonstrated any error in the court's conclusion. Whispering Oaks is no longer in business, and it therefore cannot argue that enforcement of the subpoenas will interfere with care at the facility. Whispering Oaks offers no other reason why the enforcement of the subpoenas would be overly burdensome. The district court did not err in finding that the subpoenas were not unreasonable.

Because the Government has satisfied the requirements for judicial enforcement of the subpoenas, Whispering Oaks bears the burden of showing enforcement would be an abuse of process. The court's process is abused when a subpoena is "issued for an improper purpose, such as to harass the [respondent] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, 379 U.S. 48, 58 (1964). Whispering Oaks' broad allegations about the Government trying to harass or discriminate against Chaganti must meet a "heavy burden" in establishing bad faith, see LaSalle, 437 U.S. at 316; Doe, 253 F.3d at 272, yet it can point to no credible evidence on the record that demonstrates the subpoenas were actually motivated by an improper purpose. Whispering Oaks has not met its burden of showing that enforcement of the subpoenas will be an abuse of the court's process.

Accordingly, we affirm the decision of the district court.

_____